David I. Horowitz (S.B.N. 248414)
Yungmoon Chang (S.B.N. 311673)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200
dhorowitz@kirkland.com
yungmoon.chang@kirkland.com

Joshua L. Simmons (appearance *pro hac vice*)
Jeanna M. Wacker (appearance *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
joshua.simmons@kirkland.com
jeanna.wacker@kirkland.com

Attorneys for Plaintiff
ELI LILLY AND COMPANY

*Additional Counsel on Signature Page*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| Plaintiff, | ) CASE NO. 4:25-cv-03535-HSG |
| vs. | ) |
| | ) **JOINT MOTION FOR ENTRY** |
| AIOS INC d/b/a FELLA HEALTH AND | ) **OF STIPULATED** |
| DELILAH, FELLA MEDICAL GROUP P.A., | ) **PROTECTIVE ORDER AND** |
| FELLA MEDICAL GROUP P.C., | ) **ELECTRONICALLY STORED** |
| | ) **INFORMATION ORDER** |
| Defendant. | ) |

1

Plaintiff Eli Lilly and Company ("Lilly") and Defendants Aios, Inc. d/b/a Fella Heath and Delilah ("Fella"), Fella Medical Group P.A., and Fella Medical Group P.C. (collectively, the "Parties") hereby respectfully submit the following Joint Motion for Entry of Stipulated Protective Order and Electronically Stored Information Order ("ESI Order") pursuant to Federal Rules of Civil Procedure and the Court's Civil Standing Order. The Stipulated Protective Order and ESI Order will streamline the production of confidential information and ESI to promote a just, speedy, and inexpensive determination of this action. As the Joint Motion is unopposed, and pursuant to the Court's Scheduling Notes stating that a motion may be filed without a noticed hearing date, the Parties have not noticed a hearing date.

This Joint Motion is based on this Notice of Motion and Motion, the pleadings on file in this matter, the following Memorandum of Points and Authorities, the Stipulated Protective Order and ESI Order filed concurrently herewith, and any further argument the Court might allow.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

### 1.  INTRODUCTION

The Parties have conferred regarding the Stipulated Protective Order and the ESI Order and have agreed on all provisions of both the Stipulated Protective Order and the ESI Order.  The Parties note that substantively identical versions of the Stipulated Protective Order and the ESI Order were recently submitted to, and entered by the Northern District of California.  *See Eli Lilly and Co. v. Adonis Health, Inc. d/b/a Henry Meds*, No. 4:25-CV-3536-JST (N.D. Cal. 2026), at Dkts. 68-1, 68-2, 69, 72.

The Parties modeled the Stipulated Protective Order on the Form Order for the Northern District of California for Patent and Highly Sensitive Cases, with certain changes.

The Parties submit their own proposed ESI Order because they believe modifications to the Northern District of California Model E-Discovery Guidelines are appropriate given the circumstances of this case.  The proposed ESI Order provides significant detail and tailors ESI instructions to the technical requirements of the Parties' productions and review.  Accordingly, the Parties respectfully request that the Court enter the proposed ESI Order, as it will contribute to a more streamlined and efficient review and production process.

### 2.  MEET AND CONFER EFFORTS

The Parties' Stipulated Protective Order and proposed ESI Order are the product of good faith negotiations and reflect the unique and complex nature of this action.  The Parties have met and conferred numerous times regarding the Stipulated Protective Order and ESI Order, and exchanged various redlines and comments to the same.  The changes made to the Stipulated Protective Order were agreed upon by the Parties to facilitate efficient discovery that will meet the needs of this case. The proposed ESI Order contains guidelines tailored to the Parties' technical requirements and various particularized protocols for document productions and review.  After negotiation, the Parties agreed on the proposed Stipulated Protective Order and proposed ESI Order.

### 3.  ARGUMENT

#### A.    Proposed Stipulated Protective Order

The Parties have made several targeted changes to the Model Protective Order to address the specific needs of this case.  These changes include the addition of new definitions and provisions, particularly those regarding the protection of customer and patient information, to ensure compliance with applicable privacy laws and to safeguard sensitive data.  The Parties have also modified certain provisions to better reflect their actual operational practices and to reduce ambiguity in the Protective Order's application.  Each change was negotiated and mutually agreed upon by the Parties.

#### B.    Proposed Stipulated ESI Order

The proposed ESI Order streamlines ESI production and is consistent with Federal Rule of Civil Procedure 1, which promote the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. Pro. 1.  The Parties request that the proposed ESI Order provisions be entered, as the ESI Order offers clarity on aspects of the discovery of ESI that will avoid the need for meet and confer efforts in the future, and better conform to the Parties' technical requirements and capabilities to produce such information.

The Parties believe their proposed modifications to the Northern District of California Model Stipulated Order Re: Discovery of Electronically Stored Info (Patent Cases) ("Model Stipulated Order") will better reflect the Parties' particularized protocols for document productions and otherwise streamline discovery.  The Parties' proposed ESI Order provides more detail than the Model Stipulated Order, thus describing the Parties' preservation, identification, collection, and production of ESI.  To avoid meeting and conferring on various ESI issues in the future, the Parties have come to agreement on many of those issues and seek to memorialize them in the proposed ESI Order.

The proposed ESI Order is also tailored specifically to the Parties' technical requirements for producing and reviewing documents in this case, especially given the volume and types of documents likely to be at issue in this action.

**C.    CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court enter the proposed Stipulated Protective Order and proposed ESI Order in this case.

Dated: May 8, 2026

KIRKLAND & ELLIS LLP


*/s/ David I. Horowitz*

David I. Horowitz (S.B.N. 248414)
Yungmoon Chang (S.B.N. 311673)
KIRKLAND & ELLIS LLP
2049 Century Park East
Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552 4200
dhorowitz@kirkland.com
yungmoon.chang@kirkland.com

James F. Hurst (*pro hac vice*)
Diana M. Watral (*pro hac vice*)
Ryan Moorman (*pro hac vice*)
Robin McCue (*pro hac vice*)
James R.P. Hileman (*pro hac vice*)
Nicholas M. Ruge (*pro hac vice*)
Tasha Francis Gerasimow (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
james.hurst@kirkland.com
diana.watral@kirkland.com
ryan.moorman@kirkland.com
robin.mccue@kirkland.com
jhileman@kirkland.com
nicholas.ruge@kirkland.com
tasha.gerasimow@kirkland.com

Joshua L. Simmons (*pro hac vice*)
Jeanna M. Wacker (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
joshua.simmons@kirkland.com
jeanna.wacker@kirkland.com

*Attorneys for Plaintiff*
Eli Lilly and Company

6

Dated: May 8, 2026

FOLEY & LARDNER LLP

*/s/ Micah A. Chavin*
Micah A. Chavin
FOLEY & LARDNER LLP
One Market Plaza 55 Spear Street
Suite 1900
San Fransico, CA 94105
Telephone: (415) 434-4484
micah.chavin@foley.com

Katy E. Koski *(pro hac vice)*
Amani Kmeid *(pro hac vice)*
Lea Gulotta James *(pro hac vice)*
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2600
Boston, MA 02199
Telephone: (617) 502-3242
kkoski@foley.com
akmeid@foley.com
ljames@foley.com

*Attorneys for Defendants*
Aios d/b/a Fella Health and Delilah, Fella
Medical Group P.A., and Fella Medical Group
P.C.

**ATTESTATION PER LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I, David I. Horowitz, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: May 8, 2026

*/s/ David I. Horowitz*
David I. Horowitz

8

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2026, I electronically served the foregoing Motion on all counsel of record in this action using the CM/ECF system.

/s/ David I. Horowitz
David I. Horowitz