**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>  Plaintiff,<br><br>  vs.<br><br>AIOS INC d/b/a FELLA HEALTH AND DELILAH, FELLA MEDICAL GROUP P.A., FELLA MEDICAL GROUP P.C.,<br><br>  Defendant. | ) <br>) <br>) CASE NO. 4:25-cv-03535-HSG<br>) <br>) STIPULATED PROTECTIVE<br>) ORDER FOR LITIGATION<br>) INVOLVING PATENTS, HIGHLY<br>) SENSITIVE CONFIDENTIAL<br>) INFORMATION AND/OR TRADE<br>) SECRETS<br>) <br>) <br>) <br>) |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of

information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or other state or federal law, or which constitute or include information that is not generally available to the public and that the Designating Party would not want to be made public during the ordinary course of its activities or is under a preexisting obligation to a Non-Party to treat as confidential.

2.3    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff to whom it is reasonably necessary to disclose the information for this action).

2.4    Customer: any direct purchaser of products or services from a Party, or any regular indirect purchaser of products or services from a Party, including pharmacy benefit managers and pharmacies, and does not include physicians or individual patients.

2.5    Designated In-House Counsel: In-House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.6    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

United States District Court
Northern District of California

Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    In-House Counsel: individuals employed by a Party as attorneys. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Personal Information: any information, capable of identifying an individual person or household, that is subject to protection by or regulation under the United States Constitution, the General Data Protection Regulation (EU) 2016/679 (GDPR), California Consumer Privacy Act (CCPA), or similar domestic or foreign comprehensive consumer data privacy laws or regulations.

2.15    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17    Protected Health Information ("PHI"): defined as set forth in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including but not limited to 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.506(c)(3), 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), and 164.514(b)(2), as well as the definitions and guidance set forth in 45 C.F.R. § 160.103, § 164.501, and all state laws and

United States District Court
Northern District of California

3

regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules").

2.18    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.19    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

United States District Court
Northern District of California

4

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

<em>United States District Court<br>Northern District of California</em>

United States District Court
Northern District of California

ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. In addition, a Party or Non-Party may designate in writing, within 30 days after receipt of the final deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Protected Material. Any other Party may object to such proposal, in writing or on the record.  All deposition transcripts shall be maintained as Protected Material for 30 days after receipt, in order to allow the Parties or Non-Parties sufficient time to designate any portions thereof as Protected Material and to provide notification of the same.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at relevant portions of those proceedings. The use of a document as an exhibit at a deposition, hearing, or other proceeding shall not, standing alone, affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-

day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failure to Designate.   An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.   Upon timely correction of a Designation, the Receiving Party must make reasonable efforts to assure that the Designated Material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication

are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      PROSECUTION BAR.

Absent written consent from the Producing Party, any person permitted to receive Highly Confidential Information pursuant to Section 8 herein, who obtains, receives, or otherwise learns, in whole or in part, Highly Confidential Information under this Protective Order may not be and will not be involved in the prosecution of patents or patent applications, including both foreign and U.S. applications and any reissue or reexamination applications, relating to tirzepatide or any tirzepatide analogs for the duration of one year after a judgment is entered in this Action or a settlement is executed.  To avoid any potential misunderstanding, and consistent with the scope of the prosecution bar above, nothing herein shall preclude any attorney, or independent consultant or expert, for or representing any party from any work relating to any post-grant proceedings before the Patent Trial and Appeal Board under 35 U.S.C. §§ 311 et seq. or 35 U.S.C. §§ 321 et seq.; nor representing a party challenging a patent before a foreign agency; provided, however, that no person who has received Highly Confidential Information pursuant to Section 8 herein, shall provide any input, or otherwise participate in any way, in the drafting or submission of any amendments to any claims in any reexamination, post-grant review ("PGR"), inter partes review ("IPR"), or foreign patent opposition proceeding pertaining to  tirzepatide or any tirzepatide analogs during the pendency of this case and for one year after the conclusion of this litigation, including any appeals. The foregoing restrictions of this Section 7 shall apply only to individuals, and not to the firms or organizations by which they are employed, nor to individuals who received access to Highly Confidential Information solely in their capacity as clerical staff.  Nothing in this Section 7 shall be construed as a waiver of the other provisions of this Order, including but not limited to those provisions restricting the use and disclosure of Highly Confidential Information.

8.      ACCESS TO AND USE OF PROTECTED MATERIAL

8.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) any mediator, arbitrator, or other dispute resolution neutral who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this

10

United States District Court
Northern District of California

Stipulated Protective Order; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 8.4(a)(2), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) any mediator, arbitrator, or other dispute resolution neutral who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated In-House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated In-House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of

the Designated In-House Counsel and the city and state of his or her residence, and (2) describes the Designated In-House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one. A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated In-House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated In-House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated In-House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated In-House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated In-House Counsel or Expert.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena, government request, or court order, that requests or compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected; and

(d) use best efforts to give at least 10 days' notice before producing any materials

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

13

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    CLAWBACK OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If a Producing Party discloses information subject to a claim of attorney-client privilege or work product protection or some other legal privilege or doctrine protecting information from

14

United States District Court
Northern District of California

disclosure, the disclosure of that information ("Disclosed Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Information and its subject matter. This provision is, and shall be construed as, an Order under Federal Rule of Evidence 502(d). Accordingly, as explicitly set forth in Rule 502(d), a Party's production of Disclosed Information, whether inadvertent or otherwise, is "not a waiver of any privilege or protection in this or any other federal or state proceeding." This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d) other than as provided otherwise herein; the provisions of Fed. R. Evid. 502(b) do not apply. When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision does not apply to privileged or otherwise protected material affirmatively utilized by the Producing Party. This provision is not intended to permit, and does not permit, a Producing Party to intentionally produce material without a privilege screen and subsequently clawback privileged or otherwise protected material. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

13.    MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected

Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13.4    Prohibited Disclosure to Customer or Competitor. Without express written consent or court order, in no event shall any disclosure of a Producing Party's Protected Material be made to any person who, upon reasonable and good faith inquiry, could be determined to be a current employee of a Customer or competitor, a previous employee of a Customer or competitor within a full year prior to the filing of the initial complaint in this Proceeding, or a paid consultant receiving payments during the course of the litigation from a Customer or competitor.  Further, no expert or consultant engaged by a Receiving Party for purposes of advising on or litigating this Proceeding, to whom a Producing Party's Protected Material is disclosed by that Receiving Party, may provide advice to a competitor of that Producing Party concerning the development, approval, marketing, or sale of any Competing Product until the conclusion of this Proceeding or until four years after the expert or consultant last reviewed the Producing Party's Protected Material.  Any expert or consultant engaged by a Receiving Party for purposes of advising on or litigating this Proceeding, to whom a Producing Party's Protected Material is disclosed by that Receiving Party, shall—in addition to signing Exhibit A—further confirm in writing that they understand and acknowledge that they are such an expert or consultant for purposes of this Paragraph, and the Receiving Party will provide notice of such confirmation to any Producing Party whose Protected Material the expert or consultant will receive.

13.5    Protected Health Information. Any PHI shall be deemed Protected Material and, as such, subject to the terms of this Protective Order.  Any person who receives and stores PHI in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and

16

confidentiality of any PHI and to prevent unpermitted use or disclosure of any PHI they may receive from any person in connection with this Proceeding. PHI will be securely returned or destroyed pursuant to Paragraph 14 below.  The Parties agree that any Protected Health Information and Personal Information will not be used or disclosed for any purposes other than the litigation or proceeding for which such information was requested, and shall be returned to the Producing Party or, at the option of the Producing Party, be destroyed in compliance with Paragraph 13, below.  The Producing Party, at its discretion, may redact PHI in documents produced in this action.

13.6    Security of Protected Material. Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable confidentiality or sensitivity and, at a minimum must take reasonable precautions to protect Protected Material from loss or misuse, including but not limited to:

(a)    Protected Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons authorized to access Protected Material under this Order;

(b)    An audit trail of use and access to litigation support site(s) shall be maintained while the litigation, including any appeals, is pending;

(c)    No Protected Material, including excerpts from Protected Material, may be inputted into any public, non-compartmentalized generative artificial intelligence system (e.g. ChatGPT, Google Gemini, etc.).

(d)    Any Protected Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g., laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Protected Material under this Order. If the user is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level;

(e)    Protected Material in paper format is to be maintained in a secure location with

United States District Court
Northern District of California

17

United States District Court
Northern District of California

access limited to persons entitled to access Protected Material under this Order, but nothing within this provision requires such persons to maintain such Protected Material in an individually locked office;

(f)    Summaries of Protected Material, including any lists, memoranda, indices, or compilations prepared or based on an examination of Protected Material, that quote from or paraphrase Protected Material in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Protected Material;

(g)    If the recipient of Protected Material is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Protected Material has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials;

(h)    If the Receiving Party discovers a breach of security relating to the Protected Material of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement or other government agencies in investigating any such security incident.

13.8    Third-Party Litigation Funding. Funders of litigation shall be prohibited from accessing, and denied copies of, any Protected Material. The term "funders or litigation" shall be applied broadly and include any entity or individual engaged in the business of litigation funding, their employees, counsel, consultants, and other agents, whether foreign or domestic. Parties will comply with the Department of Justice, National Security Division's Foreign Agents Registration Act, as may be applicable.

18

14.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, the Parties and their Outside Counsel are not required to delete information that may reside on their respective electronic back-up systems that are over-written in the normal course of business. However, the Parties agree that no Discovery Material shall be retrieved from the electronic back-up systems after the conclusion of the action and further agree that Discovery Material stored in the electronic back-up systems will not be used for any purpose without express permission of the Producing Party.  In addition, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

United States District Court
Northern District of California

19

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:  May 8, 2026                    */s/ David I. Horowitz*
                                        Counsel for Plaintiff

Dated:  May 8, 2026                    */s/ Micah A. Chavin*
                                        Counsel for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: _____   _____

                                        Judge Haywood S. Gilliam, Jr.

                                        United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on [date] in the case of *Eli Lilly and*

*Company v. Aois, Inc.*, Case No. 4:25-cv-03535-HSG. I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]


Signature: _____
                        [signature]

United States District Court
Northern District of California

Dated: May 8, 2026

KIRKLAND & ELLIS LLP


*/s/ David I. Horowitz*

David I. Horowitz (S.B.N. 248414)
Yungmoon Chang (S.B.N. 311673)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200
dhorowitz@kirkland.com
yungmoon.chang@kirkland.com

James F. Hurst (*pro hac vice*)
Diana M. Watral (*pro hac vice*)
Ryan Moorman (*pro hac vice*)
Robin McCue (*pro hac vice*)
James R.P. Hileman (*pro hac vice*)
Nicholas M. Ruge (*pro hac vice*)
Tasha Francis Gerasimow (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
james.hurst@kirkland.com
diana.watral@kirkland.com
ryan.moorman@kirkland.com
robin.mccue@kirkland.com
jhileman@kirkland.com
nicholas.ruge@kirkland.com
tasha.gerasimow@kirkland.com

Joshua L. Simmons (*pro hac vice*)
Jeanna M. Wacker (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
joshua.simmons@kirkland.com
jeanna.wacker@kirkland.com

*Attorneys for Plaintiff*
Eli Lilly and Company

United States District Court
Northern District of California

Dated: May 8, 2026

FOLEY & LARDNER LLP


/s/ Micah A. Chavin
Micah A. Chavin (S.B.N. 313634)
FOLEY & LARDNER LLP
One Market Plaza 55 Spear Street
Suite 1900
San Fransico, CA 94105
Telephone: (415) 434-4484
micah.chavin@foley.com

Katy E. Koski (pro hac vice)
Amani Kmeid (pro hac vice)
Lea Gulotta James (pro hac vice)
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2600
Boston, MA 02199
Telephone: (617) 502-3242
kkoski@foley.com
akmeid@foley.com
ljames@foley.com

Attorneys for Defendants
Aios d/b/a Fella Health and Delilah, Fella
Medical Group P.A., and Fella Medical Group
P.C.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>AIOS INC d/b/a FELLA HEALTH AND DELILAH, FELLA MEDICAL GROUP P.A., FELLA MEDICAL GROUP P.C.,<br><br>Defendant. | )<br>)<br>) CASE NO. 4:25-cv-03535-HSG<br>)<br>) STIPULATED ORDER RE:<br>) DISCOVERY OF ELECTRONICALLY<br>) STORED INFORMATION FOR<br>) STANDARD LITIGATION<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of ESI, and any other applicable orders and rules.

### 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

### 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter.

1

The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

### 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received after November 1, 2021 will be preserved;

b) The parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary, including after meeting and conferring if any party reasonably believes additional custodians are likely to have unique, relevant information;

c) The parties will agree on the number of custodians per party for whom ESI will be preserved;

d) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: (a) Orphaned data: unknown or unindexed materials retained in tape, floppy disk, optical disk, or similar formats, for purposes of disaster recovery; (b) Server, system, or network logs; (c) Operating system files, executable files, and system files included on the National Institute of Standards and Technology List (www.nsrl.nist.gov/); (d) ESI stored in volatile and non-volatile memory (including, but not limited to, Random Access Memory ("RAM"), Read-only Memory ("ROM"), and cache memory) or in temporary or cache files (including, but not limited to, internet history, web browser cache, and cookie files) wherever located; (e) Data stored on photocopiers, scanners, and fax machines, unless routinely maintained in the ordinary course of business; (f) "Slack," "fragmented," or "unallocated" data on hard drives for data that was deleted prior to the duty to

preserve arising; (g) Online access data, such as temporary internet files, history, caches, cookies, etc.; (h) Data in metadata fields that are frequently updated automatically in the usual course of business; (i) Meeting recordings; j) Draft email messages; (k) ESI affected by ransomware or malware or that otherwise has been corrupted or is otherwise unable to be processed without extraordinary efforts; (l) ESI temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report; (m) ESI comprising structural files (e.g., .CSS, .XSL, .XML, .DTD, etc.), applications, or interfaces that do not contain substantive content and are not necessary for the processing, review, or rendering of other ESI (n) Data remaining from systems, applications, or interfaces no longer in use that is unintelligible on the systems in use; (o) data or information input to, or generated by, generative artificial intelligence (GenAI), large language models (LLMs), or other similar technology and (p) Any other source a Party has identified to the Requesting Party as not reasonably accessible pursuant to Federal Rule of Civil Procedure 26(b)(2)(B).

## 5.  SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

Culling. The parties agree that a responding party is best situated to evaluate the procedures, methodologies, and technologies appropriate for producing its own electronically stored information. As such, a party may use search terms, other objective delimiters (such as email domains), and/or other analytics or technology-assisted review technologies as a means of limiting the volume of documents and ESI to be reviewed for responsiveness, provided that any culling methodologies employed to do so are disclosed in advance of use. To the extent a party chooses to use a technology or methodology for such culling in addition to or other than search terms (including, for instance, predictive coding), that party shall disclose its intent to use that technology and the name of the tool in advance of use.

3

The parties shall meet and confer to the extent there are any questions or disputes about the use of any particular culling methodologies.

De-Duplication. The parties shall make reasonable efforts to globally de-duplicate ESI. No producing party shall be required to conduct manual review to eliminate duplicates, including, but not limited to, hard-copy documents that are exact duplicates of electronic versions. All ESI will be deduplicated, on a family level, using MD5 or SHA1 Hash values, or an agreed to de-duplication method. All files bearing an identical Hash value are a duplicate group. The parties may produce one document group/family for each duplicate ESI group; however, a producing party will identify any additional custodians for duplicate files or email messages (by the "AllCustodians" metadata field included in paragraph 16(h), below), provided that such information can be automatically populated with industry standard ESI processing tools.

Email Threading. To reduce unnecessary volume in the review and production of emails, the parties may use email thread suppression. As used in this Order, email thread suppression allows the producing party to group emails into email thread groups and, within those thread groups, to produce (if responsive and not privileged) only emails that contain unique text or attachments ("inclusive emails"). Where a prior email in a thread contains a unique attachment to the email, that prior email and attachment will not be suppressed as a lesser included email and will be produced (if responsive and not privileged). Emails suppressed under this paragraph need not be reflected on the party's privilege log.

Document Versioning. To reduce the volume of highly duplicative documents, the parties may elect to produce only the current version of relevant documents. The parties will meet and confer regarding requests for specific document versions not produced under this Order.

Hyperlinked Files. A hyperlinked file is not part of the same document family as the document containing the hyperlink, and a producing party need not produce the hyperlinked file as such. However, upon a reasonable and particularized request, a producing party will produce or identify hyperlinked files to the extent it can locate them using reasonable efforts, provided that such documents are relevant and not otherwise protected from production, including by attorney-client privilege or the work product doctrine. The production of a hyperlinked file shall not constitute an

4

admission by the producing party that the produced hyperlinked file is substantively identical to the version of the hyperlinked file that existed at the time the document containing the hyperlink was created, sent, or received, or that the produced version of the hyperlinked file was viewed by any viewer, sender, or recipient of the document. For the avoidance of doubt, produced hyperlinked files shall not be construed to be "as-sent" versions solely by virtue of a hyperlink reference in the document containing the hyperlink.

Password-Protected or Encrypted Files. With respect to any password-protected or encrypted documents or ESI that are encountered during processing, the producing party will take reasonable steps to resolve the protection so that the documents can be reviewed and produced if appropriate.

## 6. PRIVILEGE LOGS

Log. Timing. Within 60 days of its first production, the producing party shall provide the receiving party with a log of the documents entirely withheld from production for a claim of attorney-client privilege, work product protection, or other applicable privilege or immunity. After the service of its initial privilege log, each Party will serve subsequent updated iterations of the privilege log approximately every thirty (30) days thereafter if there have been any additions, modifications, or removals since the most recent privilege log, and each such log shall identify any addition, removals, and/or modifications from the prior iteration of the log.

Logging Format. A party's privilege log only needs to provide objective metadata (to the extent it is reasonably available and does not reflect privileged or protected information) and an indication of the privilege or protection being asserted. The log will be produced in Excel or CSV format, and will be populated with the following extracted metadata fields as they exist on the date a document is logged, to the extent this information is not privileged: Beginning Bates Number / Privilege Identifier, Unique Family Identifier, Custodian, From, To, CC, BCC, Subject, Author, File Name, File Extension, Date Sent, Date Created, Date Last Modified. All metadata related to email or other communications must include full email address and domain information to the extent it exists. In-house attorney names shall be designated with an asterisk; outside counsel names will be designated with a double asterisk. An email thread may be logged as a single entry.

5

Logging Exclusions. No party is required to list on a privilege log any communications regarding these Proceedings exclusively between a party and its in-house counsel, outside counsel, an agent of outside counsel other than the party, any non-testifying experts, and, with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts.

No party is required to list on a privilege log any privileged materials or work product created after April 23, 2025 by its in-house counsel, outside counsel, an agent of outside counsel other than the party, any non-testifying experts, and, with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts.

No party is required to list on a privilege log communications regarding litigation holds or document preservation, collection, or review in this action.

A Producing Party does not need to provide a log entry for a redacted document if the face of the document and the produced metadata provides the information that otherwise would appear on a log and the privilege asserted for the redaction is noted on the face of the document in the redaction box.

Privilege Log Challenges. If a Party receiving a privilege log has a good faith basis for challenging a Producing Party's privilege determination, the Receiving Party shall promptly inform counsel for the Producing Party in writing of said challenge, identifying the specific documents by Bates Number or Privilege Identifier and providing the basis for the challenge, as well as a statement that the Receiving Party has a good faith belief that the challenged documents are material to their claims or defenses.

If, after conferring, the Parties cannot resolve the dispute despite good faith efforts to do so, the Party challenging a privilege determination may move for a ruling on the issue of privilege. The Producing Party must show by a preponderance of the evidence that the withheld document or portion thereof is privileged. If the Court finds that said information is privileged, said information shall remain withheld or redacted and may not be used as evidence by either Party at trial or at a hearing or be relied upon by either Party's experts. If the Court finds that said information is not privileged, the Producing Party shall provide an unredacted version of the document within fifteen (15) days of the Court's decision or, if the Producing Party challenges such a decision, within fifteen

(15) days of the conclusion of any and all proceedings or interlocutory appeals challenging the decision, or within any time specified by the Court or local rules if they dictate a shorter period for production.

### 7.  PRODUCTION FORMATS

General Provisions. All documents, unless otherwise specified in Section b below, whether stored as paper or ESI, will be produced by both Parties as black-and-white, single-page, 300 dpi (minimum) Group IV TIFF images, with text in document level text files, with a load file that references the images and text, and a .DAT file with delimiters that list the metadata fields below. Image reference load files will be provided in .LFP, .OPT and .DII formats. No Party may request or seek to compel the production of ESI in native format on a wholesale basis. After production in the format pursuant to this paragraph, the Parties will meet and confer regarding any good faith request for the production of ESI in native file format. A Party may make a good faith request that a document produced in black-and-white be re-produced in color, and the Parties will meet and confer regarding such a request. In certain circumstances, variations to the production format specified in this Order may be necessary. In such circumstances, the Parties will meet and confer regarding the production format.

Native Format. The Parties shall produce Excel spreadsheets, PowerPoint presentations, audio files, and video files in native format, unless redacted, with extracted searchable text and the applicable metadata specified in this Order.

Parent-Child Relationships. Parent-child relationships (e.g., the association between emails and their attachments, which are additional files sent with an email message) will be preserved to the extent practicable. Attachments will be consecutively produced with the parent email record. If an attachment is privileged, not responsive, or has a technical issue, a slip sheet may be inserted in the production. For the avoidance of doubt, hyperlinked files shall not be construed to be in the same family solely by virtue of a hyperlink reference and will be produced only in accord with paragraph 9.f above.

Embedded Objects. Embedded objects within documents or ESI, including logos, icons, emoticons, and footers, may be culled from a document set and need not be produced as child

7

documents provided they are produced within the document itself. A Requesting Party may reasonably request a Producing Party to produce a document with the embedded objects extracted as separate files if material to the understanding of the document.

Collaboration Platforms and Short Form Messages. The Parties shall meet and confer as necessary to identify proportional mechanisms and parameters for production of responsive text or other types of short message formats or chats, and shall document such mechanisms.

Dynamic Fields. Documents with dynamic fields for file names, dates, and times will be processed to show the field code (e.g., "[FILENAME]" or "[AUTODATE]"), rather than the values for such fields existing at the time the file is processed.

Structured Data. To the extent that any Party requests production of unique, responsive fielded information that is stored in a structured database or database management system and not subject to an objection to production, the Parties will meet and confer regarding the accessibility of such information and the format of production. To the extent possible, all exports of structured data or reports from databases will be produced in .csv file, Excel file, or other delimited format.

Time Zone. Unless otherwise agreed, all dynamic date and time fields, where such fields are processed to contain a value, and all metadata pertaining to dates and times will be standardized to Eastern Time. The Parties understand and acknowledge that such standardization affects only dynamic fields and metadata values and does not affect, among other things, dates and times that are hardcoded text within a file. Dates and times that are hard-coded text within a file (for example, in an email thread, dates and times of earlier messages that were converted to body text when subsequently replied to or forwarded; and in any file type, dates and times that are typed as such by users) will be produced as part of the document text in accordance with the load file formats, below.

Bates Numbering. Each page of a produced document will have a legible, unique page identifier ("Bates Number") that will consist of a Bates prefix and number electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document.  Files will be named according to the Bates number of the corresponding *.tiff image.  The Bates number will:

    i.      be consistent across the production;

8

ii.     contain no spaces or special characters other than a hyphen or underscore;

iii.    be created so as to identify the Producing Party; and

iv.     be numerically sequential within a given document.

Attachments to documents will be assigned Bates numbers that directly follow the Bates numbers on the documents to which they were attached.  If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers will be noted.

Metadata to be Produced.  The following metadata fields will be produced for each document to the extent that such information is available at the time of collection and processing:

| FIELD NAME | FIELD DESCRIPTION | DOCUMENT TYPE |
|---|---|---|
| BEGINDOC | Start Bates (including prefix) | Hard Copy, Email, Email Attachments, EFiles |
| ENDDOC | End Bates (including prefix) | Hard Copy, Email, Email Attachments, EFiles |
| BEGATTACH | Parent Start Bates (including prefix) | Hard Copy, Email, Email Attachments, EFiles |
| ENDATTACH | Last Attachment End Bates (including prefix) | Hard Copy, Email, Email Attachments, EFiles |
| VOLUMENAME | Production volume number | Hard Copy, Email, Email Attachments, EFiles |
| PAGECOUNT | Number of pages in document using Bates numbers. | Hard Copy, Email, Email Attachments, EFiles |
| CUSTODIAN | Source of document (i.e., individual custodian name, database or archive name, shared area, etc.) | Hard Copy, Email, Email Attachments, EFiles |
| ALLCUSTODIANS | When global deduplication has been employed, all custodians who are sources of an identical document. | Email, Email Attachments, EFiles |
| FILEEXTENSION | File extension of electronic document | Email, Email Attachments, EFiles |
| FILENAME | File name of electronic document | Email Attachments, EFiles |
| FILEPATH | File path to native file as it existed in original environment | EFiles |
| ALLFILEPATHS | When global deduplication has been employed, all custodian file paths to a native file as it existed in its original environment for an identical document | EFiles |

9

| DATETIMESENT | Sent date of an email message (mm/dd/yyyy format) / Time email was sent (hh:mm:ss) | Email |
|---|---|---|
| DATETIMERECEIVED | Received date of an email message (mm/dd/yyyy format) / Time email was received (hh:mm:ss format) | Email |
| DATETIMECREATED | Date that a non-email electronic file was created (mm/dd/yyyy format) / Time that a non-email electronic file was created (hh:mm:ss format) | EFiles, Email Attachments |
| DATELASTMODIFIED | Date that a non-email electronic file was last modified (mm/dd/yyyy format) / Time that a non-email electronic file was created (hh:mm:ss format) | EFiles, Email Attachments |
| AUTHOR | Author | Hard Copy, EFiles, Email Attachments |
| TO | Addressee/Recipient | Email |
| FROM | From | Email |
| CC | CC Field | Email |
| BCC | BCC Field | Email |
| SUBJECT | Email Subject | Email |
| CONFIDENTIALITY | Level of Confidentiality per Protective Order | Hard Copy, Email, Email Attachments,  EFiles |
| REDACTED | Does the document contain redactions (Y/N)? | Hard Copy, Email, Email Attachments,  EFiles |
| HASHCODE | Document MD5 or SHA1 hash value (used for de-duplication or other processing) | Hard Copy, Email, Email Attachments,  EFiles |
| TEXT | Link to full text or OCR text | Hard Copy, Email, Email Attachments,  EFiles |

This list of metadata fields does not create any obligation to create or manually code fields that are not automatically generated by the processing of ESI, that do not exist as part of the original metadata of the document, or that would be burdensome or costly to obtain

Production Media. The producing Party may produce documents via a secure file transfer mechanism and/or on readily accessible, computer or electronic media. Each piece of Production Media will be assigned a production number, volume name or other unique identifying label corresponding to the date of the production as well as the sequence of the material in that production.

10

To maximize the security of information in transit, any media on which documents are produced may be encrypted by the producing Party. In such cases, the producing Party shall transmit the encryption key or password to the requesting Party, under separate cover, contemporaneously with sending the encrypted media.

**8. PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI, including the possibility of rolling productions. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

**9. MISCELLANEOUS**

Authenticity and Admissibility. Nothing in this Order shall be construed to affect the authenticity or admissibility of any document or data. All objections to the authenticity or admissibility of any document or data are preserved and may be asserted at any time. This Order does not imply that discovery produced under the terms herein is properly discoverable, relevant, or admissible in this or in any other proceeding. Additionally, nothing in this Order shall be deemed to waive or limit any Party's right to object to the production of certain electronically stored information, or to move for an appropriate order on the ground that the sources are not reasonably accessible.

Confidential Information. For the avoidance of doubt, nothing herein shall contradict the Parties' rights and obligations with respect to any document or data designated as confidential, as governed by a protective order regarding the protection of such information. If the Producing Party produces ESI subject to a claim that it is protected from disclosure under a protective order or confidentiality order entered into by the Parties, the Producing Party shall electronically "burn" the specific level of confidentiality claimed onto each page of the document. Failure to comply with this procedure shall not waive any protection of confidential treatment.

Non-Party Productions. The Parties may provide a copy of this Order to each recipient of a Rule 45 Subpoena seeking the production of documents in this matter and request that the non-party agree to follow the various provisions as to format set forth in this Order. Non-parties may elect to follow these provisions, or may otherwise meet and confer with the Requesting Party as to the format of any document productions.

11

**10.    MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

12

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:    May 8, 2026                    /s/ David I. Horowitz
                                         Counsel for Plaintiff

Dated:    May 8, 2026                    /s/ Micah A. Chavin
                                         Counsel for Defendant


PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated:    5/12/2026                      Judge Haywood S. Gilliam, Jr.
                                         UNITED STATES DISTRICT

13